IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devin Middleton, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>Shane Jackson, Warden of Lee )<br>Correctional Institution, )<br>)<br>    Respondent. )<br>_____ ) | Civil Action No. 5:22-4647-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court on Petitioner Devin Middleton's ("Middleton" or "Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on December 22, 2022. (ECF No. 1.) On April 19, 2023, Respondent filed a motion for summary judgment, to which Petitioner filed a response, and Respondent filed a reply. (ECF Nos. 13, 15, 16.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for initial review.

On January 19, 2024, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondent's motion for summary judgment. (ECF No. 17.) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. On January 30, 2024, Petitioner filed objections, and Respondent filed a reply to Petitioner's objections on February 13, 2024. (ECF Nos. 19, 20.) For the following reasons, the Court overrules Petitioner's objections, adopts the Magistrate Judge's Report, and grants Respondent's motion for summary judgment.

## BACKGROUND

The Charleston County Grand Jury indicted Petitioner in the February 2016 term of court for murder, and in the April 2017 term of court for criminal conspiracy. On June 12-15, Petitioner appeared before the Honorable R. Roger Crouch for a jury trial, and Petitioner was represented by Attorney John Apicella. Assistant Solicitors David Osborne and Ted Corvey appeared on behalf of the State.

After the trial started, Assistant Solicitor Osborne notified the court that Petitioner wished to enter a negotiated *Alford* guilty plea to voluntary manslaughter and conspiracy. The court questioned Petitioner about his understanding of the charges, the potential sentences, and the constitutional rights he would be waiving, and Petitioner stated that he understood and wished to continue with the plea. Following questioning by Judge Couch, Petitioner entered a negotiated *Alford* guilty plea to voluntary manslaughter and conspiracy, and Judge Couch sentenced him to 20 years' imprisonment. Petitioner did not file a direct appeal.

Petitioner filed an application for post-conviction relief ("PCR") on December 21, 2017, in which he alleged he was being held unlawfully due to conflict of interest, ineffective assistance of counsel, and involuntary plea. Petitioner filed a second amended PCR application in which he alleged additional claims of ineffective assistance of counsel. The State filed a return on March 14, 2018, and a PCR evidentiary hearing was held before the Honorable Perry Gravely, on December 8, 2020.

At the hearing, Petitioner was present and was represented by Attorney James K. Falk. Petitioner, his trial counsel, and witness Marvin Johnson testified at the hearing. On April 28, 2021, Judge Gravely entered an order dismissing Petitioner's PCR application with

prejudice, finding no merit to Petitioner's claims of ineffective assistance and finding that Petitioner's guilty plea was entered knowingly, intelligently, and voluntarily with the advice of competent counsel.

Petitioner appealed the PCR court's order denying his PCR application. Elizabeth Franklin-Best, who represented Petitioner on appeal, filed a petition for writ of certiorari in the Supreme Court of South Carolina on July 8, 2021, raising the following issue: "Whether trial counsel was ineffective in allowing his client to enter an invalid guilty plea where there was not a strong factual basis, as required by *North Carolina v. Alford*, 400 U.S. 25, 31, [ ] (1970)." (ECF No. 12-2 at 3.) The State filed a return on October 7, 2021, and Petitioner filed a reply on October 14, 2021. (ECF Nos. 12-3, 12-4.) On June 28, 2022, the Supreme Court of South Carolina denied the petition for writ of certiorari, and the remittitur was issued on July 14, 2022. (ECF Nos. 12-5, 12-6.)

Petitioner, again represented by attorney Elizabeth Franklin-Best, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 22, 2022, raising the following ground fo relief: "Trial counsel was ineffective in allowing his client to enter an invalid guilty plea where there was not a strong factual basis, as required by *North Carolina v. Alford*, 400 U.S. 25, 31, [ ] (1970)." (ECF No. 1 at 3.)

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

## II.     Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c).  The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  All evidence should be viewed in the light most favorable to the non-moving party.  *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

## I.     Habeas Corpus Relief

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**II.     Ineffective Assistance of Counsel**

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption

5

that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95. Additionally, as the Supreme Court explained in *Harrington v. Richter*:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential,"[ ], and when the two apply in tandem, review is "doubly" so [ ]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. [ ] Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

562 U.S. 86, 105 (2011) (internal citations omitted). "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id*. at 101 (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000). Ultimately, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

The two-part *Strickland* test also applies to challenges to guilty that are pleas based on alleged ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The

first prong of the test considers the competence of counsel's performance, and the second prong requires a petitioner to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Id.* at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)) (other citations omitted). Where a defendant is represented by counsel and enters a guilty plea upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

### III.   Petitioner's Claim and the Court's Review

In her Report, the Magistrate Judge carefully considered Petitioner's claim that trial counsel was ineffective for allowing Petitioner to enter a guilty plea under *Alford* when there was not a strong factual basis for the plea.[1] As the Magistrate Judge explained, according to Petitioner, the State's case against him was based on the doctrine of "hand of one is the hand of all," and although Petitioner admits that the State had sufficient evidence against his co-Defendant, Petitioner asserts that the State lacked evidence to show that Petitioner shot the victim. Petitioner further asserts that the PCR court erred both when it found that there was a sufficient factual basis for his guilty plea and when it found that trial counsel was not deficient for advising Petitioner to accept the plea.

---

[1] In *Alford*, the Supreme Court held that "[a]n individual accused of crime may . . . consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ( As this court has recognized, such a "plea is an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest." *United States v. King*, 673 F.3d 274, 281 (4th Cir. 2012) (internal quotation marks omitted).

7

After thoroughly outlining the relevant evidence and the testimony presented at the PCR evidentiary hearing, the Magistrate Judge found that Petitioner failed to show that the PCR court unreasonably applied the mandates of *Strickland* or other Supreme Court precedent in denying his claim of ineffective assistance of counsel.  The Magistrate Judge explained: "In light of the trial/plea transcript and the evidence presented during the PCR hearing, the undersigned finds support for the PCR court's findings that Petitioner failed to produce any evidence of the alleged deficiency of his counsel."  (ECF No. 17 at 23.)  The Magistrate Judge then noted, among other things, that when Judge Couch accepted Petitioner's *Alford* plea, Petitioner acknowledged: that trial counsel had discussed the case with him prior to the plea; that he understood the charges he faced; and that he believed he would more than likely be convicted if the State's evidence was presented to the jury. Additionally, with respect to the PCR court's misstatement that Petitioner wished to plead guilty because he was guilty, the Magistrate Judge noted that Petitioner never made such a statement.  Regardless, the Magistrate Judge found the error to be a "slip of the pen" that did not render the PCR court's ultimate conclusions (that Petitioner's plea was entered knowingly and voluntarily, and that trial counsel's representation was not deficient) unreasonable.  (*Id.* at 24 (citing *McGill v. Shinn*, 16 F.4th 666, 692 n.9 (9th Cir. 2021) (rejecting ineffective assistance of counsel claim and explaining that the PCR court's one error in a factual finding did not render the PCR court's ultimate conclusion unreasonable).) Ultimately, the Magistrate Judge found that Petitioner failed to overcome the deferential standard of review afforded to the PCR court's determinations, thereby recommending that the Court grant Respondent's motion for summary judgment.

In his objections to the Magistrate Judge's Report, Petitioner disagrees with the

Magistrate Judge's conclusion that a factual basis existed for the *Alford* plea, and he asserts that trial counsel's advice to Petitioner to plead guilty cannot be considered reasonable, such that the PCR court's determination otherwise was a misapplication of *Strickland*. (ECF No. 19 at 1-2.) Petitioner asserts: "Co-Defendant Perry is the central figure in the victim's murder and was (without objection) identified as the shooter. [ ] Even trial counsel had basically 'a bad feeling' that something would cause the jury to convict Petitioner and that led him to advise Petitioner to give him his due process rights." (*Id.* at 3.) Petitioner also disagrees with the Magistrate Judge's conclusion that the PCR court's misstatement of the facts (that Petitioner was pleading guilty because he was guilty) was *de minimus* and asserts that the PCR court's inaccurate factual statement is a basis for habeas corpus relief. (*Id.* at 4-5.)

After *de novo* review, the Court finds that the Magistrate Judge appropriately summarized the facts and applied the correct principles of law, and the Court fully agrees with the Magistrate Judge's analysis and finds no merit to Petitioner's objections. In other words, the Court agrees with the Magistrate Judge that Petitioner has failed to show that the PCR court's decision was contrary to well-established federal law or involved and unreasonable application of *Strickland* or any other United States Supreme Court precedent. Stated plainly, the trial and plea transcript provides ample support for the PCR court's finding that Petitioner entered his plea voluntarily, that there was a sufficient factual basis for the plea, and that counsel was not deficient in advising Petitioner.

Furthermore, with regard to Petitioner's assertion that the PCR court's decision is based on an unreasonable determination of the facts (based on the PCR court's factual misstatement), the Court fully agrees with the Magistrate Judge that the PCR court's

9

misstatement that Petitioner "acknowledged that he wished to enter a plea of guilty to because he was guilty," is not sufficient evidence to render the PCR court's ultimate conclusions unreasonable.  Instead, it appears that the misstatement was a typographical error, or a "slip of the pen" as the Magistrate Judge aptly stated.  As Respondent points out in its reply, the single inaccurate phrase in the PCR court's order also contains another typographical error (that the Magistrate Judge did not note), namely, "that he wished to enter a plea of guilty *to* because he was guilty . . . ."  (ECF No. 12-1.)  Furthermore, contrary to Petitioner's argument that "the PCR court wrongly determined Petitioner had openly admitted his guilt," the Court notes that the PCR court's order also specifically states that Petitioner entered an *Alford* plea, and the order acknowledges that Petitioner's claim was based on his belief that counsel was ineffective for allowing the court to accept Petitioner's *Alford* plea.  (*Id.*)  Thus, it is simply not plausible to assert that the PCR court was entirely unaware of the nature of Petitioner's plea.  Lastly, as the Magistrate Judge properly explained, the PCR court's findings were not centered on whether Petitioner acknowledged his guilt but instead were centered on whether trial counsel provided competent representation in advising Petitioner to enter an *Alford* plea under the circumstances.[2]

---

[2] As the Magistrate Judge explained in her Report, trial counsel testified at the PCR evidentiary hearing that his defense strategy was reasonable doubt, but there was a video showing a group of guys, including Petitioner and the victim, play fighting in the street, in which Petitioner can be seen with something in his hand and his arm extended towards the victim.  Counsel further explained:

> Well, identification wasn't an issue.  He was there.  The videos had come in.  On the big screen, TVs that were in the courtroom, my argument is it's ambiguous if I was the solicitor. Mr. Middleton pointing his hand at the decedent, the decedent turning around and making a motion around his head would be consistent with having been pepper sprayed.  He turned around and started to walk into the alley as if he was trying to get away from the pepper spray, and Mr. Middleton followed him into the alley.  My argument would have been there is not enough evidence to convict him of the crime of murder.  I would have said, "Are you

After *de novo* review of the record, the Court finds, both for the reasons set forth by the Magistrate Judge and for the reasons set forth herein, that Petitioner has failed to overcome the deferential standard of review accorded to the state PCR court's findings and that Petitioner has otherwise failed to show that he is entitled to habeas corpus relief.

## CONCLUSION

**Based on the foregoing, Petitioner's objections (ECF No. 19) are overruled**; the Magistrate Judge's Report (ECF No. 17) is **adopted and specifically incorporated herein**; and Respondent's motion for summary judgment (ECF No. 13) is **granted**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 7, 2024
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong

---

kidding me?  Where is the evidence in this case?"  That would have been my defense.  If I was the solicitor, I would have said, "This is not innocent conduct.  You do not pepper spray someone who you are play fighting.  This was not play fighting.  This was a hit, and Mr. Middleton was part of it."  That is what I told Mr. Middleton.

(App. 1097-98.)

11

and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.